# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JOHNSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>COURT OF APPEALS, FIFTH APPELLATE DISTRICT,<br><br>　　　　Respondent. | Case No. 1:15-cv-01525 – JLT (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR LACK OF JURISDICTION<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS |

Petitioner is a state prisoner proceeding pro se pursuant to a petition for writ of mandamus pursuant to 28 U.S.C. § 1651. (Doc. 1). The matter was filed in the Sacramento Division of this Court on October 5, 2015 and was transferred to the Fresno Division on October 8, 2015. (Doc. 3).

## DISCUSSION

A. Preliminary Screening of Petition.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the

facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042–43 (9th Cir.2001). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir.1971).

Here, Petitioner alleges that, while a state prisoner, he was convicted of indecent exposure in the Kings County Superior Court based upon allegations that Petitioner had masturbated in his prison cell in a way meant to be seen by a female staff member. (Doc. 1, p. 1). The conviction was later affirmed by the California Court of Appeal, Fifth Appellate District ("5th DCA") by an unpublished opinion dated May 12, 2015. (Doc. 1, p. 10). Petitioner then filed a petition for review in the California Supreme Court that was denied on July 29, 2015. (Doc. 1, p. 1).

Petitioner alleges numerous flaws in both his bench trial and in the 5th DCA's opinion. Petitioner requests an order from this Court reversing the 5th DCA and ordering the trial court to acknowledge the reversal of his conviction and order his release from confinement. (Doc. 1, p. 5).

B. Lack Of Jurisdiction Under Writ of Mandate Statute

The federal mandamus statute provides: "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is an extraordinary writ, and is issued only when (1) the plaintiff's claim is "clear and certain;" (2) the defendant official's duty to act is ministerial and "so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994) (citations omitted).

Further, although 28 U.S.C. § 1651 states that all courts established by Act of Congress "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," the courts lack subject matter jurisdiction to issue a writ of mandamus to a state employee. See Demos v. United States District Court for the E. Dist. of Wash., 925 F.2d 1160, 1161–62 (9th Cir.1991) (state court).

In Silveyra v. Moschorak, the Ninth Circuit held that the Mandamus Act may be invoked to compel a federal official to perform a duty owed to a plaintiff who "falls within the 'zone of interests' protected by the underlying statute." 989 F.2d 1012, 1014 n. 1 (9th Cir. 1993) (*citing* Jarecki v. United States, 590 F.2d 670, 675 (7th Cir. 1979)). Mandamus is appropriate when the official's duty to act is ministerial in nature and so plain as to be free from doubt. Id. Even where an official's responsibilities are in some respects discretionary, mandamus is appropriate if "'statutory or regulatory standards delimiting the scope or manner in which such discretion can be exercised . . . have been ignored or violated.'" Carpet, Linoleum and resilient Tile Layers, Local Union No. 419 v. Brown, 656 F.2d 564, 566 (10th Cir. 1981) (citation omitted); see also, Work v. United Staes ex rel Rives, 267 U.S. 175, 177, 45 S.Ct. 252, 253 (1925)(mandamus is appropriate if an official transgresses the limits of her discretion).

However, mandamus relief is only available to compel an officer of the United States to perform a duty; federal courts are without the power to issue mandamus to direct state courts or their judicial officers in the performance of their duties. A petition for mandamus to compel a state court to take or refrain from some action is *frivolous as a matter of law*. Demos v. U.S. District Court, 925 F.2d 1160, 1161-72 (9th Cir.) (Imposing no filing in forma pauperis order), *cert. denied*, 111 S.Ct. 1082 (1991); Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966) (attorney contested disbarment and sought reinstatement); Dunlap v. Corbin, 532 F.Supp. 183, 187 (D. Ariz. 1981) (plaintiff sought order from federal court directing state court to provide speedy trial), *aff'd without opinion*, 673 F.2d 1337 (9th Cir. 1982).

Because Petitioner seeks mandamus relief directed at a state agency, i.e., the 5th DCA, this Court lacks jurisdiction under § 1651. Hence, as discussed above, the petition is frivolous as a matter of law. Accordingly, the Court will recommend that the petition be dismissed.

///

## ORDER

For the foregoing reasons, the Clerk of the Court is DIRECTED to assign a United States District judge to this case.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed **within 10 days** after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 28, 2015**                                **/s/ Jennifer L. Thurston**
                                                                             UNITED STATES MAGISTRATE JUDGE